## Young Men's Christian Association v. G. W. Harmon.

1. CONVERSION OF GOODS—*Right to Return Before Suit.*—One who has converted another's chattels without changing them in form, or otherwise permanently injuring them, may, at any time before suit, return them in their original condition.

2. SAME—*Right to Return a Part.*—Where a person converted to his own use 130 books, and being sued in trover for them he offered to return 105 of them, but the plaintiff refused to accept any of the books unless the entire number of copies was returned, *it was held* that as each copy was a separate and distinct piece of property he was bound to accept such as were tendered in good condition, and was entitled to recover only for so many as were not so tendered.

Trover.—Appeal from the Circuit Court of Peoria County; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

### STATEMENT OF THE CASE.

In 1891, the Young Men's Christian Association, of Peoria, Illinois, leased to Geo. W. Harmon, appellee, a room in an office building at Peoria, belonging to said association. Harmon was then engaged as general agent for a book, entitled, "Wild Life on the Plains and Horrors of Indian Warfare." About February 1, 1892, he quit the business of such general agent and gave up his office, leaving in said building one hundred and thirty of said books, two chairs and some stationery and advertising matter. About one year after Harmon had given up his office, W. A. Brubaker became general agent of the association and took charge of the building. The books were in the building then. Brubaker made inquiries and was told the books belonged to Mr. Harmon and had been held for rent. The books were allowed to remain in the building until about November 1, 1893, when they were sold by Brubaker. A few days afterward, Harmon appeared and wanted his books. Upon investigation it was found that no rent was due from Harmon. Brubaker told Harmon he would make the matter

all right, and that he would either restore the books or pay him for them, and that he would let Harmon know what he could do. Brubaker then bought back 105 of the books from parties to whom they had been sold and returned them to the Y. M. C. A. Building. Twenty-five of the books he was unable to get back. He notified Harmon that he was ready to settle and Harmon came in.

They were unable to come to a definite understanding. A dispute arose as to the price of the twenty-five missing books. A few days afterward, appellee brought this suit, an action of trover, before a justice of the peace, and recovered a judgment against appellant. On appeal to the Circuit Court he recovered a judgment for $153 and costs.

Cassidy & Sucher, attorneys for appellant.

G. B. Foster, attorney for appellee.

Mr. Justice Harker delivered the opinion of the Court.

That Brubaker wrongfully sold the books of appellee, is not denied. There was no rent due and they could only be held for storage charges, which were agreed upon by appellee and Brubaker at $40.

While endeavoring to settle the matter, appellee told Brubaker that all he wanted was a return of the books, and acting upon that statement, Brubaker recovered back 105 copies, and upon the trial in the Circuit Court tendered them to appellee.

They were not accepted, and the damages recovered included the value of them.

While the facts show that appellee had a clear right of recovery we are of the opinion that the judgment was too large. Under the circumstances, and the understanding between appellee and Brubaker, whereby the latter repurchased the books from parties to whom he had sold them, appellee should have accepted the 105 copies, if, when tendered, they were in as good condition as when taken from the building.

Appellee knew before he began suit that Brubaker, acting upon the faith of his statement that all he wanted was his books, had procured nearly all of those sold, and was honestly endeavoring to procure the rest of them..

Appellee acted upon the theory that he was not obliged to accept any of the books unless the entire 130 copies were restored and tendered. In this he was wrong. Each copy was a separate and distinct piece of property. He was bound to accept such as were tendered in good condition, and was entitled to recover only for such of the property as was not so tendered.

For the reason that the damages recovered were excessive, the judgment will be reversed and the cause remanded for another trial.